# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRY LEE DANTZLER,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 22-CV-2522** |
| : | |
| **JUDGE DENIS P. COHEN,** : | |
|     **Defendant.** : | |

## MEMORANDUM

**SÁNCHEZ, C.J.**                                                                                       **JULY 29, 2022**

Harry Lee Dantzler has filed this civil rights action along with a Motion to Proceed *In Forma Pauperis*.[1] Named as Defendant is Judge Denis P. Cohen of the Philadelphia Court of Common Pleas. Judge Cohen is named in his official capacity. For the following reasons, the Motion to Proceed *In Forma Pauperis* will be granted and the Complaint will be dismissed with prejudice.

## I.      FACTUAL ALLEGATIONS

Dantzler alleges that between September 13, 2019 and April 2020, he has been denied his First Amendment right to access the courts. Specifically, he contends that he filed a quiet title action in the Civil Division of the Philadelphia Court of Common Pleas on September 13, 2019. (Compl. at 11 (this quiet title action is hereinafter referred to as "*Dantzler II*").)[2] Preliminary objections in the case were assigned to Judge Edward C. Wright of that Court, who sustained the

---

[1] Dantzler's Complaint (ECF No. 1) consists of a transmittal letter setting forth a timeline of events, the Court's preprinted form complaint for use by non-prisoners seeking to bring civil rights actions, a separate typed complaint that includes a "discussion," and numerous exhibits. The Court considers the entire submission to be the Complaint for purposes of statutory screening pursuant to 28 U.S.C. § 1915.

[2] The Court adopts the sequential pagination supplied by the CM/ECF docketing system to Dantzler's entire submission.

objections and granted Dantzler leave to file an amended complaint.  (*Id.* at 11, 61.)  Dantzler asserts he filed his amended complaint adding new defendants and a case management conference took place on February 27, 2020.  (*Id*. at 11-12.)  On that date, Judge Lisette Shirdan-Harris placed the case in the October trial pool.  (*Id*. at 12, 63.)  A motion filed by Dantzler for a jury trial on his quiet title claim was denied on March 6, 2020.  (*Id*. at 64.)  The docket sheet in *Dantzler II* indicates that the case was assigned to Judge Cohen on April 27, 2020.  (*Id*. at 64.)

Dantzler asserts that on March 16, 202 the closure of the courts of the Commonwealth due to the pandemic began.  He asserts that an Order of April 22, 2020 directed that the Court of Common Pleas was to remain closed to non-essential functions and limited the courts to emergency functions only.  (*Id*. at 12, 14.)  Nonetheless, Judge Cohen allegedly "abuse[d] the judicial process" by assigning Dantzler's case to himself and ruling on the preliminary objections to Dantzler's amended complaint while the courts remained closed.  (*Id*. at 12.)  He also asserts that Judge Cohen was not an assigned emergency judge when he dismissed the case.  (*Id*. at 13.)

While the case was still pending, Dantzler allegedly sent discovery requests to the attorneys who entered their appearances for the state court defendants.  Dantzler "speculates" that one of these attorneys "panicked knowing that she had to produce the requested documents and information's [sic] to [Dantzler] prior to the June 1, 2020 deadline for discovery, and notified Judge Cohen on this same day of her dilemma."  (*Id*. at 15.)  Dantzler speculates further that Judge Cohen was working from his home office, acted at the attorney's request, and was misinformed by her as to the prior order setting the case for the October trial pool.  (*Id*. at 15, 16.)  He alleges "[i]t is axiomatic" that Judge Cohen would not have had sufficient time "between his assignment to the preliminary objections of both parties and his findings, (less than

two (2) days)" to properly "familiarize himself with the present matter. . . ." (*Id*. at 15, 16 (parenthetical in original).)

Dantzler asserts that Judge Cohen "attempted to ban[] me from court by use of an unlawfully recognized court order and other document." (*Id*. at 6.) He also asserts that Judge Cohen "unlawfully inserted himself into a state court matter without being assigned by the president judge [and] unlawfully dismissed [Dantzler's] case without jurisdiction as the courts of the Commonwealth of Pennsylvania were at the time of his offense closed till further notice due to the covid 19 pandemic." (*Id*. at 7.) He asserts claims under § 1983 for Judge Cohen's "judicial impropriety," lack of subject matter jurisdiction, "improper venue" – because Dantzler "has no idea as to where Judge Cohen was performing any of the court duties," and "Monell." (*Id*. at 17-19.) Dantzler seeks as relief that this Court "remand [this federal case] to the Common Pleas Court," that this Court rescind Judge Cohen's dismissal order, and set his state court case for trial. (*Id*. at 8.)

Attached to the Complaint is a copy of an opinion and order filed by Judge Cohen on March 1, 2021 in *Dantzler II*, *i.e.*, *Dantzler v. Young*, No. 190901660 (C.P. Philadelphia 2019). Judge Cohen dismissed Dantzler's case on the grounds of issue preclusion since Dantzler had filed a prior case against the same defendants raising the same claims and lost. (Compl. at 25 (citing *Dantzler v. Young*, No. 150202116 (C.P. Philadelphia) ("*Dantzler I*") and stating the prior action "involves the same dispute of the Property's ownership").) In the course of deciding the preliminary objections, Judge Cohen stated the "Preliminary Objections were assigned to the Honorable Edward C. Wright on February 28, 2020 and then reassigned to this Court on April 27, 2020." (*Id*. at 27.)

3

Dantzler also attached to his Complaint various emergency orders issued by Pennsylvania courts in response to the onset of the pandemic.  An Order from the Pennsylvania Supreme Court authorized president judges of lower courts to declare judicial emergencies, suspend time calculators for purposes of time computation relevant to court business, authorize communications technology to conduct proceedings, and take other actions.  (*Id*. at 35-36.)  A further Order of the Pennsylvania Supreme Court dated March 18, 2020 directed that all Pennsylvania courts are "generally CLOSED TO THE PUBLIC."  (*Id*. at 43 (capitalization in original).)  It specified that "*court facilities*" of the Courts of Common Pleas are closed to the public "as to non-essential functions through at least April 3, 2020."  (*Id*. at 48 (emphasis added).)  An order filed by the president judge of the Philadelphia Court of Common Pleas on April 8, 2022 stated that "whereas Pennsylvania courts are *physically* closed to the public due to the health crisis created by COVID-19, much can be done to advance civil litigation in a safe manner."  (*Id*. at 56 (emphasis added).)  The Order provided, for example, that discovery could continue in civil cases.  An additional order filed on April 22, 2022, referencing the Pennsylvania Supreme Court's orders, decreed, *inter alia,* that the court "remains generally closed to the public, with certain essential operations continuing."  (*Id*. at 53-54.)

## II.    STANDARD OF REVIEW

Dantzler is granted leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Dantzler is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Dantzler's § 1983 claims against Judge Cohen in his official capacity are not plausible and will be dismissed with prejudice. First, an official capacity claim against a judge of the Court of Common Pleas is actually a claim asserted against the Commonwealth of Pennsylvania since the Court of Common Pleas is part of Pennsylvania's unified court system.[3] *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Moreover, the Commonwealth is not considered a "person" as that term is used in § 1983. *Will v. Michigan State Police*, 491 U.S. 58, 70-71 (1989). However, state officials like Judge Cohen may be sued in their official capacities where

---

[3] Dantzler's conclusory assertion of "Monell" as a basis for an additional § 1983 claim is also dismissed with prejudice since the decision in *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978) imposes liability against municipalities and their officials, not the Commonwealth and its officials.

5

the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law. *See Ex parte Young,* 209 U.S. 123 (1908); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Courts reason that injunctions against state officials actively violating federal laws are "'necessary to vindicate the federal interest in assuring the supremacy of that law,'" despite the Constitution's prohibition against suits against the state. *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). In *Koslow*, the Third Circuit held that because "the Eleventh Amendment has not been interpreted to bar a plaintiff's ability to seek prospective relief against state officials for violations of federal law," a plaintiff could sue a state official for ongoing violations of the Americans with Disabilities Act. *Id.* at 178.

To avoid the bar of the Eleventh Amendment, however, "[t]he relief sought must be prospective, declaratory, or injunctive relief governing an officer's future conduct and cannot be retrospective, such as money damages." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir. 2001) (citing *Pennhurst State Sch. & Hosp.,* 465 U.S. at 102). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (alteration in original) (citation omitted). A straightforward inquiry into Dantzler's claims leads to the conclusion that he does not allege an ongoing violation of federal law. Rather he seeks injunctive relief from this Court solely to reverse a past decision made by Judge Cohen.

Second, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete

6

absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others.  *Dennis v. Sparks,* 449 U.S. 24, 27 (1980).

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'"  *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*) (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate").  In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute."  *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017).  "However,

a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Id.*

Judge Cohen's opinion and order dismissing *Dantzler II* was a function normally performed by a judge. Nothing alleged about Judge Cohen's actions states plausibly that he was acting to enforce or administer a statute, rather than acting as an adjudicator of the quite title action Dantzler filed in the Court of Common Pleas, meaning he is entitled to immunity against claims for injunctive relief. Even accepting as true that an attorney improperly influenced Judge Cohen, immunity is unaffected. *Mireles*, 502 U.S. at 11-12; *Dennis,* 449 U.S. at 27.

Dantzler's conclusory assertion that Judge Cohen lacked jurisdiction because he was not assigned to Dantzler's case, and his speculative assertion that Judge Cohen lacked venue because Dantzler did not know where he was physically located when the decision in *Dantzler II* was filed, also fail to allege a plausible basis for ignoring absolute judicial immunity. The Pennsylvania Constitution provides that for each judicial district "[t]here shall be *one* court of common pleas . . . having such divisions and consisting of such number of judges as shall be provided by law . . . having unlimited original jurisdiction in all cases except as may otherwise be provided by law." Pa. Const. Art. 5, § 5 (emphasis added). Since there is no allegation that Judge Cohen is not a duly elected judge of the Philadelphia Court of Common Pleas, and the public record shows he was assigned to decide Dantzler's case, the allegation that he lacked jurisdiction is not plausible. The allegation that Judge Cohen lacked venue is frivolous. Dantzler himself filed the case in the Philadelphia Court of Common Pleas asserting venue over a claim concerning the ownership of property allegedly located in Philadelphia. Under Pennsylvania Rule of Civil Procedure 1006(a)(2), venue is proper in a county where "property or a part of the property which is the subject matter of the action is located provided that equitable

8

relief is sought with respect to the property." The physical location of the judge deciding the dispute is irrelevant to this Rule. Venue either "is or is not proper" based on the nature of the suit, *King v. Univ. of Pittsburgh*, 829 A.2d 673, 676 (Pa. Super. Ct. 2003), and does not change because the judge works from home during a time of emergency.

Finally, any assertion that Dantzler's right to access the courts was violated is also not plausible. One making an access to the courts claim is required to show that the denial of access caused "actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). This is because the right of access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Dantzler asserts he was banned from court "by use of an unlawfully recognized court order and other document," presumably Judge Cohen's opinion and order. Dantzler was not denied access to the courts by Judge Cohen's dismissal order; he accessed the courts, filed his case, and he lost in court because the claim he sought to assert was legally meritless.[4]

---

[4] To the extent Dantzler might argue he was denied access to the courts due to the emergency pandemic orders he attached to his Complaint, he fails to allege how he was denied access. Rather, he appears to be arguing only that Judge Cohen should have been denied access to exercising his judicial function because the court buildings were physically closed. This assertion is also frivolous. Notably, by statute the courts of the Commonwealth "shall always be open for the transaction of judicial business." *See* 42 Pa. Cons. Stat. § 324. The emergency orders speak to court facilities being closed to the public and cannot be read to have halted the functioning of the judicial branch of the Commonwealth.

## IV.    CONCLUSION

For the reasons stated, Dantzler's case is dismissed.  Because any attempt to amend would be futile, the dismissal is with prejudice.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate order follows.

**BY THE COURT:**


**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**